United States District Court

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2021 FEB 11  PM 4:19

Shani Adia McCall

_____

**Plaintiff**

Case No:

Vs.

**3-21CV0307-B**

Flagship Credit Acceptance

_____

**Defendant**

# Pursuant to USC Title 28 section 1331 & 1441 (b)

## Memorandum of Law

## Notice of Omnibus Motion

The lawful issues of this notice of removal are founded upon United States Laws, United States Code Title 12 Banks & Banking, Public Statutes at Large 38th Congress Stat 99-118, Federal Common law of the Uniform Commercial Code, United States Code Title 15 Commerce & Trade.

## Affidavit/Notice of Commercial Fraud on Negotiable Instrument

This affidavit is made pursuant to the above federal laws and notice of Defenses in respect to payment of Alleged Debt Virginia Title 8.1A-306 along with USC Title 12-Banks & Banking, & USC Title 15 of the Fair Debt Collection Practices Act section 1692.

"I Shani Adia McCall declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[Made Pursuant to the United States Constitution & Title 28 USCA Section 1746]

# Motion to Compel Discovery Rule 26 hearing FRCP

1) It is a fact of Statute by and through the Constitution and laws of the United States that the Said Directors of the Financial Institution have a Statutory oath to Support the Constitution and the Banking Statutes of the United States. In Particular the notice of the Registration of that Oath is listed at Public Law Volume 13 Stat 99-118 38th Congress.

2) Inside of the provisions of that statute the Bank Directors have allowed for direct violations of their oath as an financial agent of the federal government. Those actions include: Extending a Mortgage agreement for beyond the prescribed statutory limit, not providing consideration in a said loan, or providing from an external source in violation of the original agreement (as Banks cannot loan capital Stock or the Stock of their depositors according to the statute), failing to answer several freedom of information requests as well as failing to answer to challenges to the debt though they are required to by the Fair Debt Collections Practice Act, endorsing the Note/Bond after the initial transaction in order to receive funds through my signature, fraudulently acting as and assuming the legal position of a Lender when in fact they provided no consideration in the contract, transferring a loan after actions and notices of fraud had been made against the transaction in violation of Virginia Law.

3) Each and every one of the above claims I noted in my exhibits, through the notices I mailed them and now through this request for discovery.

4) I request the oath of Bank Director and CEO Mr. Bob Hurzeler of Flagship Credit Acceptance, The CFO Rob Crowl, Vice President David Courts to determine the exact language of their Statutory Oath as Directors of a National Bank that is registered with the Comptroller of Currency. I have attached a freedom of Information request for this information and upon order of the court will resubmit this information if needed in order to get the statutory oath.

5) I demand that a Hearing be held to set-up an opportunity to ask the Directors of both institutions the direct questions of the interrogatives for compulsion of discovery that I mailed them exhibits which were included in my original complaint and included herein(Exhibits]. I am requesting to take Depositions in order to determine whether or not they have specifically violated their statutory oaths and acted under color of authority in respect to the contract that their institution made with me.

## Motion to Produce Documents

6) I am demanding a certified copy of the original Note/Bond front and Back Copies.
7) I am Demanding that if the parties are not in possession of the original note and if they know its whereabouts that they produce that information for the record so that freedom of information request can be made.

## Motion for a Jury Trial

8) I am demanding a jury trial in this case as I am entitled to such by right.
Notice of Laws that Pertain Specifically to the Case

9) I am incorporating Case Law that supports my original complaint.
10) The first is the case law that pertains to the priority of federal banking statutes statutes over the United States Code Banks and Banking.
11) This is an important aspect to my case because title 12 of Banks and Banking is not considered positive law.
12) The courts of every district in the federal jurisdiction including the Supreme Court have consistently stated that the Statutes of the United States hold precedent over the United States Code and when left to interpretation it is the Statutes that hold authority. This is important because it is the Statutes that govern the actions of the aforementioned directors that prove their color of authority actions
13) Also I am incorporating for the judges review aspects of Public Law Volume 13 Stat99-118 38th Congress that will support my allegations.
14) It is clear that the Defendants attorneys refused to answer to any of my initial claims and instead resorting to name calling associating me with internet scams, and never addressing any of the points of law or allegations made.
15) It is more that obvious after initial research from the Statutes that the Bank directors mentioned herein have a statutory obligation. The question herein is whether they violated that statutory obligation and acted under color of authority and prohibited me from a federal right, privilege or immunity that I am guaranteed under Statute and under title 42 section 1983 of the United States Code as expressed in the Statute that governs the activity of the Bank Directors, loans from their institutions, and interactions with bonds and mortgages with Citizens.

Remedy Request

16) I am requesting that the court grant me the Motion to Compel Discovery
17) I am requesting that the court demand the production of the Documents listed herein
18) I am requesting that the court grant me a jury trial
19) I am requesting that the court grant me all of the relief in this omnibus Motion and any further relief that it sees fit.
20) I am requesting the state court judges of this jurisdiction and venue recuse themselves if it cannot adjudicate on this case due to the federal laws required in order for remedy and relief to be provided
21) All former arguments of the initial complaint are herein incorporated

## Affidavit of Facts

1) Shani Adia McCall [Depositor/Creditor] provided Flagship Credit Acceptance with a deposit by way of negotiable instrument which the plaintiff is claiming to be the holder of the said negotiable instrument which covered all purchases made through my bond original account number 620414428416610011.

2). Defendants claim of indebtedness of Plaintiff is inaccurate and fraudulent. There was never a loan given by Flagship Credit Acceptance to Shani Adia McCall. Shani Adia McCall is not a debtor in this contract, Shani Adia McCall is of the understanding that he is the Creditor. Shani Adia McCall provided the assets in this contract in the form of a Checkbook deposit to Flagship Credit Acceptance which Flagship Credit Acceptance is the claimed holder of the said note which proves the transaction as a check-book deposit establishing a line credit account created through the note deposited by Shani Adia McCall with Flagship Credit Acceptance

3) There is no present verifiable lawful obligation by Shani Adia McCall to pay a debt. Demand for an obligor to pay a monetary demand is governed by **Virginia 'Commercial Transactions' Title 8.1A-306** and as the Plaintiffs claim is that he owes nothing to the defendant, plaintiff testifies for the record that defendant is committing commercial fraud by demanding payment where there is no binding contractual obligation and no supporting proof that Flagship Credit Acceptance is a lender to Shani Adia McCall. The simple proof lies in the original note deposited with the financial institution which must be subpoenaed in order to prove the commercial fraud committed by the alleged defendant as the Defendant is NOT a holder or Holder in due course pursuant to **Virginia Title 8.1A-306** which states, "**Virginia Title 8.1A-306 Holder in due course**
*a. Subject to subsection c. of this section and subsection d. of Title 8.1A-306, "holder in due course" means the*

*holder of an instrument if:*

*(1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity.*

4) Shani Adia McCall is not entitled to pay the instrument according to Virginia Title 1: Chapter 3,

## "3305. Defenses and claims in recoupment.

**(a) General rule.**--Except as stated in subsection (b), the right to enforce the obligation of a party to pay an instrument is subject to the following:

1. a defense of the obligor based on:
   1. duress, lack of legal capacity or illegality of the transaction which, under other law, nullifies the obligation of the obligor;
   2. fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms;"

5) The rules in Banking that govern Flagship Credit Acceptance as a financial institution are at United States Code Title 12 Banks & Banking. According to the Public Statute at Large 13 section 9 stat 99 which is the original Congressional Statute that serves as the Positive Law of the Primae Facie Law at USC Title 12 Banks & Banking financial institutions cannot,

   1. Loan the capital stock of their Directors USC Title 12 section 83 (a), *"(a) General prohibition*

   *No national bank shall make any loan or discount on the security of the shares of its own capital stock*

   2. Loan the check book deposits of their customers

   3. Loan money from an unidentified line of credit Virginia Title 1: Chapter 3 'fraud upon an instrument (ii), & (iii)

   Any one of these actions would violate the original Public Statutes at Large 13th Congress which are positive law placed as primae facie law at United States Code Title 12 Banks and Banking.

6) Flagship Credit Acceptance has also committed fraud by stating that they are providing a loan and not providing the source of the law and or means by which the loan was procured.

7) Shani Adia McCall states that Lender also has violated **section1692f Of USC 15** of the Fair Debt Collections Practice Act stated herein as

*A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

8) Shani Adia McCall states that the Lender has also violated

<u>**USC 15 1692e**</u> *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section*

*(2) The false representation of—*

*(A) The character, amount, or legal status of any debt;*

<u>**Remedy Demand**</u>

Wherefore Defendant demand for payment cannot be granted without providing proof that they are a lender who provided assets to Shani Adia McCall. The basis of the Plaintiff claim is rooted in the original note. Flagship Credit Acceptance cannot enforce payment on an instrument that it is not the holder in due course of. Wherefore:

a) Plaintiff demands that the court subpoena the original instrument/note with the original signature of Shani Adia McCall.
b) Plaintiff demands that an audit of the account mentioned herein are done to see whether it was a loan or a checkbook deposit.
c) If there is no original note provided the Defendant has no legal or lawful claim and the case must be dismissed with no obligation of further payment to Defendant.
d) Plaintiff demands that the claims of the Defendant be only assessed within the realm of law that governs enforcement of paying instruments <u>**[Virginia Title 8.1A-306 – Commercial transactions]**</u> and <u>**United States Code Title 12 Banks and Banking, 38th Congress Stat 99-118 National Banking Associations**</u> as Title 12 Banks & Banking is only primae facie evidence of the Positive law of Public Statutes 13 stat 99 which governs Banks and Banking.
e) Plaintiff demands that Flagship Credit Acceptance identify the source of the funds as Federal law proves that the Directors of the Bank cannot lend 1) their Stock, 2) Banks cannot lend the assets of their customers, and 3) banks cannot provide a line of credit without identifying the source of the funds.

**I Shani Adia McCall declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

_[signature]_

[Made pursuant to Title 28USCA Section 1746]

3232 Briery Rd.
Keysville, Charlotte VA 239470
434-414-8114

Exhibit

Preliminary Forensic Audit Report

Performed by: K'in Way Xi

Nu Ways LLC - a Loan Fraud Investigations Association

Name of Requester: Shani McCall

Issue: Instrument:

Sources: Original Loan Documents, www.secinfo.com, www.faq.org Flagship Credit Acceptance Indenture instrument 64830GAB2 CUSIP

This report is made to show that the Entity (FLAGSHIP CREDIT ACCEPTANCE) requesting Payment is Not the Legally Current or Original Creditor or Holder in Due Course of the Contract that gave rise to any claim, has no Interest, No Tax responsibility, and thus cannot enforce the alleged debt. For this Entity To elect that they can enforce payment based on the rules in this State and the federal laws they must answer the Fair Debt Collection Practice Act Interrogatives and prove they are a holder in due course of an enforceable contract. .

AUDIT-INFORMATION CONCERNING CONTRACT –(See Exhibit A)

| Original Creditor-Holder in Due Course SPV-Issuing Entity-Certificate Holders | NONE |
|---|---|
| Private Trustee Claimant | FLAGSHIP CREDIT ACCEPTANCE |
| Trustee | FLAGSHIP CREDIT CORPORATION |
| CUSIP instrument # | 64830GAB2 |
| CEO | Michael Ritter |
| Original Loan Number | 62041442841661001 |
| Altered Fraudulent Loan Number-Actual Security Obligation Number Investors of FLAGSHIP CREDIT ACCEPTANCE | 44740381001 |
| Initial Transaction Date | 5/17/2019 |
| EIN | 273237099 |
| Investment Contributions | Deductible |
| Grantor/Investor | Merrill Lynch Mortgage |
| Grantee | N/A |
| TILA Violations Occurred? | Yes |

Auditors Claims of Financial Illegality & Fraud and Merits to Void Contract

1. All of the above mentioned entities have committed fraud in contract securities, material alteration of securities without authority, conversion, illegality, and violation of the fair debt collection practices act.
2. The parties who are making claims (FLAGSHIP CREDIT ACCEPTANCE) are not the holder in due course of any enforceable contract.
3. Pursuant to *Title 18 USC § 472 & 473 In Re w-4 Form w-8 Form 56* Entities have issued a series of fraudulent securities violating the following law,

"Uttering counterfeit obligations or securities, *"Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined under this title or imprisoned not more than 20 years, or both"*. Stated also in Title 18 USC § 473 Dealing in counterfeit obligations or securities, *"Whoever buys, sells, exchanges, transfers, receives, or delivers any false, forged, counterfeited, or altered*

*obligation or other security of the United States, with the intent that the same be passed, published, or used as true and genuine, shall be fined under this title or imprisoned not more than 20 years, or both.".*

4. If the entity (FLAGSHIP CREDIT ACCEPTANCE) cannot provide proof of standing and answer Fair Debt Collection Practice Interrogatives and standing as a holder in due course as expressed in State law (PACS Title 13 sec 3302), then it has no interest, no equity, no claim, and all instruments bearing such claims are fraudulent and void unless they are disclosed as an original instrument or contract from the holder in due course.
5. The account number (06053601001) is actually an account number for investors in FLAGSHIP CREDIT ACCEPTANCE and does not bear the name of (Shani McCall) and (Shani McCall) has no document of obligation to FLAGSHIP CREDIT ACCEPTANCE or the investors.
6. The Laws of the Consumer Credit Protection and Fair Debt Collection Practices Act are all applicable.
7. The law that substantiates this request is USC 15 section 1692G section (a) clause 2 a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(2) the name of the creditor to whom the debt is owed;

8. This Debt is Officially disputed according to federal and State law, stated at: USC 15 section 1692G section (b) Disputed Debts:

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector

9. USC 15 Section 1692K Civil Liability -

a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

10. The Debt Collector may NOT take any unfair and nonjudicial Action based on Federal law, which states,

USC 15 section 1692 (f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

B) there is no present intention to take possession of the property; or

(C) the property is exempt by law from such dispossession or disablement.

I hereby certify that the foregoing information is True and Accurate to the Best of my Research as a Financial Auditor. I attest my signature under penalty of perjury reserving all rights in case of any mistakes or inaccuracies concerning the publically available information that is provided in regards to the above transaction.

*(K'in Way Xi)* electronic Signature
Auditor Authentication

Made Pursuant to USC 26 1746

EXHIBIT A

**INTERROGATIVES Depositions for Disclosure & Discovery**
**ALLEGED DEBT COLLECTOR/CREDITOR DISCLOSURE STATEMENT**
**Re "Offer of Performance"**

***This statement and the answers contained herein may be used by the Issuer & Maker, if necessary, in any court of competent jurisdiction***

**Respondent's Interrogatives for Alleged Creditor**

Notice: This Debt Collector/Creditor Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "*Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition*" (Black's Law Dictionary, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC § 1692g and the Freedom of Information Act 5 USCA § 552, applicable portions of *Truth in Lending (Regulation Z)*, 12 CFR 226 Contract Disclosure and UCC 1-207, and demands as cited above in Offer of Performance. Debt Collector/Creditor must make all required disclosures clearly and conspicuously in writing re the following:

1. NAME OF ALLEGED DEBT COLLECTOR/CREDITOR: ................................................................................
2. Address of Debt Collector/Creditor: ................................................................................
3. Correct Lawful Name of Living Being, alleged Debtor/Obligor: _____
4. Are you a required to register with the United States Department of Treasury as a financial Institution?
5. Please provide the Documents that certify that you are a financial institution registered with the federal government through the United States Department of Treasury...........................................................................
6. Address of alleged Debtor/Obligor: ... ................................................................
7. Alleged Account Number: ########................................................................
8. Alleged debt owed: $ $####................................................................
 .
9. Date alleged debt became payable: ................................................................
10. What is the name and address of the alleged Original Creditor who actually provided funds to the alleged Debtor/Obligor, if different from alleged Debt Collector/Creditor?

   ................................................................

11. If Debt Collector/Creditor is different from alleged Original Creditor, does Debt Collector/Creditor have a bona fide affidavit of assignment the signature of the alleged Debtor/Obligor as an assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor/Obligor?
    YES   NO
12. Did Debt Collector/Creditor purchase this alleged account from the alleged Original Creditor? YES  NO  N/A (Not Applicable)
13. Are you the holder of the Original note/contract?
14. Are you the holder in due course of the Original Note and or Contract and if so please provide front and back copies of the original contract and or note
15. If applicable, give the date of purchase of this alleged account from alleged Original Creditor, purchase amount, and a copy of the original transaction:

16. Did Debt Collector/Creditor purchase this alleged account from a previous debt Collector/Creditor? YES  NO  N/A
17. If applicable, date of purchase of this alleged account from previous debt Collector/Creditor, purchase amount, and a copy of the original transaction:

████████████████████████████████████████████████

18. Regarding this alleged account, Debt Collector/Creditor is currently the:

    (a)  Owner; (b) Assignee; (c) Other-explain: ...................................................................................

    ...................................................................................................................................

    15. What are the terms of the transfer of rights in re this alleged account? ...................................................

    ...................................................................................................................................

16. If applicable, transfer of rights re this alleged account was executed by the following method:

    (a)  Assignment; (b) Negotiation; (c) Novation; (d) Other - explain: ...................................................

    ...................................................................................................................................

    17.  If the transfer of rights re this alleged account was by assignment, was there consideration? YES  NO  N/A
    18.  What is the nature and cause of the consideration cited in #17 above? ...................................................

    ...................................................................................................................................

    ...................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?

YES  NO  N/A

20. What is the nature and cause of any value cited in #19 above? ...............................................................

...............................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor/Obligor?  YES  NO  N/A
22. What is the nature and cause of any consent cited in #21 above?
23. Has the alleged Debt Collector/Creditor provided alleged Debtor/Obligor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?  YES  NO
24. Date said verification cited above in #23 was provided alleged Debtor/Obligor with official copy and certification that it was sent to alleged Debtor/Obligor: ...............................................................
25. Was said verification cited above in #23 in the form of a sworn or affirmed oath, affidavit, or deposition?
    YES  NO

26. Verification cited above in #23 was provided alleged Debtor/Obligor in the form of :  OATH  AFFIDAVIT  DEPOSITON

27. Does Debt Collector/Creditor have knowledge of any claim(s)/Defense(s) re this alleged account?  YES  NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ...............................................................
29. Does Debt Collector/Creditor receive Letter of Credit Financing from a major financial institution to run its operational budget?
30. Please Provide the 1096 and 1098 Tax Returns for this account.
31. Please Provide the 1099 OID and the 1099 INT forms for this account.
32. Are you [Alleged Creditor] the payor or the recipient on the 1099 OID forms?
33. Does this account operate as a pooling and servicer agreement?
34. Are you [Alleged Creditor] in this contract serving in the status of a pooler or servicer for the Original Lender?
35. Have you [Alleged Creditor] ever received any benefit from a third party financial institution due to the alleged contract with the alleged obligor?
36. Have you [Alleged Creditor] ever received stocks, bonds, securities or any other commercial items from any third party institutions in respect to the alleged contract with the obligor?
37. Are there any stocks, bonds, or securities attached to the contract between you [Alleged Creditor] and the alleged obligor?
38. If the answer to the former question is yes could you please provide the CUSIP number for the said financial instrument?
39. Is this account connected to any Trust agreements?
40. Please provide the trust account number and the name of the trust and the name of the indentured trustee, who is handling and paying the interest on the certified securities on the Depository Trust Corporation relative to this account.
41. Is this account in any way connected to any financial and or securities fraud?
42. Please provide certified copies of the N-8A registration filed pursuant to section 8A of the Investment Company Act of 1940, the 10 K annual report, the S-3 registration statement and the S-4 prospective filed pursuant to Rule 425 (b) 5 with the Securities and Exchange Commission under section 13 & 15 (d) of the Securities and Exchange Act of 1934 in reference to this account and any certificated or uncertificated stocks, bonds, securities, or other financial instruments associated with this account.
43. Was alleged Debtor/Obligor provided with a loan by Debt Collector/Creditor?  YES  NO

44. If the alleged Debtor/Obligor was provided with a loan does the Debt Collector/Creditor have proof that assets were provided from the financial institution to the alleged obligor. Please provide certified copies, front and back of all documentary proof.

45. Was alleged Debtor/Obligor sold any products/services by Debt Collector/Creditor?  YES   NO

46. What is the nature and cause of any products/services cited above in # 29?
    ................................................
    
    .........................................................................................................................................................

47. Does there exist a verifiable, bona fide, original commercial instrument [note or contract] between alleged Debt Collector/Creditor and alleged Debtor/Obligor containing alleged Debtor/Obligor's bona fide signature?  YES   NO
48. What is the nature and cause of any verifiable commercial instrument cited above in # 31?
    ............................................
    
    ....................................................................................................................................

49. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector/Creditor and alleged Debtor/Obligor?
YES  NO
50. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in # 33?

    ...............................................................................................................................................
    
    
    ................................................................................................................................................

51. Have any charge-offs been made by any creditor or debt Collector/Creditor regarding this alleged account?  YES   NO

52. Have any insurance claims been made by any creditor or debt Collector/Creditor regarding this alleged account?  YES   NO

53. Have any tax write-offs been made by any creditor or debt Collector/Creditor regarding this alleged account?  YES   NO

54. Have any tax deductions been made by any creditor or debt Collector/Creditor regarding this alleged account?  YES   NO

55. Have any valid judgments been obtained by any creditor or debt Collector/Creditor regarding this alleged account?  YES  NO

56. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract and was full disclosure of the nature of the contract provided to the alleged obligor?  YES  NO

57. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed Legal professional before executing the alleged contract?  YES  NO

58. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit Instrument?  YES  NO

Debt Collector/Creditor's failure, both intentional and otherwise, in completing/answering points "1" through "58" above and returning this Debt Collector/Creditor Disclosure Statement, as well as providing Maker with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector/Creditor's tacit agreement that Debt Collector/Creditor has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector/Creditor tacitly agrees that Debt Collector/Creditor waives all claims against Maker and indemnifies and holds Maker harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove—referenced alleged account.

Declaration: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector/Creditor Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____                    _____

███████████████████████████████████████████████

Shani A Mccall
_____                    _____

Official Title of Signatory                         Authorized Signature for Debt Collector/Creditor

Debt Collector/Creditor must timely complete and return this Debt Collector/Creditor Disclosure Statement, along with all required documents referenced in said Debt Collector/Creditor Disclosure Statement. Debt Collector/Creditor's claim will not be considered if any portion of this Debt Collector/Creditor Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC § 1692, Freedom of Information Act 5 USCA § 552 et seq., and which states in relevant part: "*A debt Collector/Creditor may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,*" which includes "*the false representation of the character, or legal status of any debt,*" and "*the threat to take any action that cannot legally be taken,*" all of which are violations of law.

If Debt Collector/Creditor does not respond as required by law, Debt Collector/Creditor's claim will not be considered and Debt Collector/Creditor may be liable for damages for any continued collection efforts, as well as any other injury sustained by Maker of this Document. Please allow thirty (30) days for processing after Respondents receipts of Debt Collector/Creditor's response.



ALERT DUE TO LIMITED TRANSPORTATION

## USPS Tracking®

FAQs >

Track Another Package +

Remove ✕

**Tracking Number:**
70191120000122160573

Your item has been delivered and is available at a PO Box at 9:36 am on June 19, 2020 in CHADDS FORD, PA 19317.

 **Delivered**

June 19, 2020 at 9:36 am
Delivered, PO Box
CHADDS FORD, PA 19317

Get Updates ∨

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shani Adia McCall

## DEFENDANTS
Flagship Credit Acceptance

**(b)** County of Residence of First Listed Plaintiff: Charlotte
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED FEB 11 2021 CLERK U.S. DISTRICT COURT

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☒ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  |  |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** |  |  | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |  ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☒ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Failure to provide information based on FOIA USC 5 Section 552

Brief description of cause:
Illegality, Contractual Fraud, Defendant Not a Holder of Due Course

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Court Seal, Release of Title

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE