CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 01 2022
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SHANI ADIA MCCALL, | ) |
| Plaintiff, | ) Civil Action No. 4:21-cv-00014 |
| v. | ) **MEMORANDUM OPINION** |
| FLAGSHIP CREDIT ACCEPTANCE, | ) By:   Hon. Thomas T. Cullen |
| Defendant. | )          United States District Judge |

Plaintiff Shani Adia McCall ("Plaintiff" or "McCall") filed suit in the Northern District of Texas under the Consumer Credit Protection and Fair Debt Collection Practices Acts against Defendant Flagship Credit Acceptance ("Defendant" or "Flagship"), alleging Flagship was trying to collect a debt that he did not owe. After that court transferred the case to this district, the U.S. Marshals attempted service on Flagship at the address McCall provided. McCall then obtained default against Flagship based on that purported service and Flagship's failure to file a responsive pleading. Flagship now claims that service was improper and seeks to quash service and vacate the default entered against it.

After reviewing the record, the court concludes that Flagship never received proper service. Therefore, the court will grant Flagship's Motion to Quash Service of Process and vacate the clerk's entry of default.

**I.**

This suit arose as a result of Flagship's attempt to collect on an automobile loan in McCall's name. McCall contends he is not a debtor on that contract, but rather the "depositor" and "creditor"; that Flagship did not loan him any money; and that he is under no obligation

to pay Flagship anything. (*See generally* Compl. pg. 4 ¶¶ 1–4 [ECF No. 3].) McCall asserts that Flagship's attempts to collect payment from him amount to commercial fraud in violation of the Consumer Credit Protection and Fair Debt Collection Practices Acts because Flagship is demanding payment that it is not owed.

McCall originally filed this action on February 11, 2021, in the Northern District of Texas. On February 18, that court entered an order transferring the case to this district. Prior to the transfer, Flagship had not been served process and did not otherwise appear. Flagship is a foreign corporation organized as a limited liability company in Delaware with its principal offices in Chadds Ford, Pennsylvania.

After the transfer, this court immediately granted McCall's motion for leave to proceed *in forma pauperis* and directed the U.S. Marshals to serve a summons and copy of the complaint on Flagship. (*See* ECF No. 8.) The court issued a summons for Flagship on April 1, 2021, and McCall directed that Flagship be served at its principal offices in Chadds Ford, Pennsylvania. (*See* ECF No. 9.) The summons was returned on April 21 showing that Lori Lando, the Senior Human Resources Business Partner at Flagship's Chadds Ford offices, was served on behalf of Flagship. (ECF No. 10.) Although McCall asked that Flagship be served at its principal offices, its registered agent for service in Virginia is the Corporation Service Company, located in Richmond, Virginia.[1]

On August 2, 2021, Plaintiff filed a motion that the court construed as a Motion for Entry of Default. (ECF. No. 14). The court granted that motion with an Order and mailed

---

[1] Virginia State Corporation Commissioner, Clerk's Information System, *available at* https://cis.scc.virginia.gov/EntitySearch/BusinessInformation?businessId=576326 (last visited Jan. 28, 2022).

both documents to Flagship on August 16 (ECF No. 17). Flagship retained counsel and filed a Motion for Leave to File Response to Plaintiff's Demand for Default Judgment on September 2. (*See* ECF No. 19.) The court denied Flagship's motion as moot and stated that, if Flagship intended to file a motion to set aside the default, it must do so within 14 days. (*See* ECF No. 20.) Accordingly, on September 20, Flagship filed a Motion to Quash Service of Process and Vacate Clerk's Default Due to Lack of Effective Service of Process. (ECF No. 23.) The matter was fully briefed by the parties and is now ripe for disposition.[2]

## II.

When a party moves for dismissal for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), "[a] plaintiff bears the burden of establishing that service of process conformed to Federal Rule of Civil Procedure 4." *MJL Enters., LLC v. Laurel Gardens, LLC*, No. 2:15cv100, 2015 WL 6443088, at *2 (E.D. Va. Oct. 23, 2015). "If, on its own or on the defendant's motion, the district court finds that the plaintiff has not met that burden and lacks good cause for not perfecting service, the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing Fed. R. Civ. P. 4(m)); *see also Martin v. Big Apple Deli, LLC*, 671 F. App'x 48, 48 (4th Cir. 2016) (mem.) (per curiam) (citing *Cardenas*).

---

[2] The court did not set this matter for oral argument as the parties' positions are adequately set forth in their pleadings and further argument would not aid the court.

### III.

#### A.

The rules governing service of process "are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir. 1984); s*ee also* 62B Am. Jur. 2d *Process* § 139 (2021). Service of process upon a defendant is critical; it starts a defendant's 21-day window within which to file a responsive pleading, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), and establishes personal jurisdiction over the party served, *see Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.").

Rule 4 governs service of process. The Rule provides, in relevant part, that a foreign corporation must be served either "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Virginia law specifically states that a "foreign limited liability company's registered agent is the limited liability company's agent for service of process." Va. Code. Ann. § 13.1-1018(A). If a company fails to appoint an agent or its agent cannot be found after "reasonable diligence," then a plaintiff may serve the clerk of the State Corporation Commission as an

agent of the company. *See* Va. Code. Ann. § 13.1-1018(B). But the same Virginia Code section makes clear that it "does not prescribe the only means . . . of serving a . . . foreign limited liability company." Va. Code. Ann. § 13.1-1018(C). A plaintiff may also serve process on a foreign company's employee or officer, but the party seeking to establish the agency relationship between the defendant and the person served must show "that [the] defendant either explicitly or implicitly authorized [the employee] to accept service of process." *Davies v. Jobs & Adverts Online, GmbH*, 94 F. Supp. 2d 719, 722 (E.D. Va. 2000); *see* Va. Code. Ann. § 8.01-301. Even so, Virginia's curing statute provides that if process reaches the defendant within the time prescribed by law, it is of no consequence that the means by which plaintiff initially attempted to serve process were improper. *See* Va. Code. Ann. § 8.01-288; *Pennington v. McDonnell Douglas Corp.*, 576 F. Supp. 868, 872 (E.D. Va. 1983).

Flagship argues that because McCall (via the U.S. Marshals) served an employee who was not authorized to accept service of process on behalf of Flagship—and because service of process did not actually reach Flagship prior to the entry of default—service was ineffective under Virginia law and the default should be vacated. The court agrees.

The only service attempted was achieved on Lando at Flagship's principal offices in Pennsylvania. McCall asserts that service on Lando constituted effective service of process under Virginia law because her position as Senior Human Resources Business Partner placed her in "direct contact with the Defendant's organizational senior leadership." (Pl.'s Resp. to Mot. to Quash pg. 2, Nov. 9, 2021 [ECF No. 26].) Outside of his claims, however, McCall has not offered any evidence of Lando's "direct contact" with Flagship's senior leadership. Moreover, serving someone who is in "direct contact" with a defendant is not the standard

for effective service of process. Rather, Lando must have been either Flagship's registered agent for service, *see* Va. Code Ann. § 13.1-1018, or an individual who is authorized—either explicitly or implicitly—to accept service of process on a defendant's behalf, s*ee id.* § 8.01-301. *Davies*, 94 F. Supp. 2d at 722.

Flagship's registered agent for service in Virginia is the Corporation Service Company in Richmond, Virginia. McCall directed the U.S. Marshals to serve Flagship at its principal office address, not through its registered agent. McCall has not offered any evidence that Flagship explicitly or implicitly authorized Lando to accept service on its behalf, or that Lando ever represented to anyone that she had such authority. *See Davies*, 94 F. Supp. 2d at 722 (noting that it is *plaintiff's* burden to establish the agency relationship). Referencing Lando's title and work duties alone is insufficient to establish the agency relationship necessary to show she was authorized to accept service. *See id.* (citing *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997)); *Spooltech, LLC v. UPS Ground Freight, Inc.,* 2012 WL 4460416 at *3 (W.D. Va. July 23, 2012). Further, Flagship has provided an affidavit from its Senior Counsel, Lauren Delehey, attesting that "Lando is not and has never been authorized to accept service of process on behalf of Flagship." (Aff. of Lauren Delehey ¶ 9, Sept. 20, 2021 [ECF No. 23-1].) As McCall has failed to show otherwise, the court concludes that Lando was not authorized to accept service of process on Flagship's behalf.

Even though service of process on Lando was improper, service can still be deemed effective if the evidence shows that Flagship received actual notice of process in a timely fashion. *See* Va. Code. Ann. § 8.01-288; *Hill v. McIntyre*, No. LT-4656-4, 1993 WL 945951, at *2 (Va. Cir. Ct. 1993). McCall claims that Lando's position put her "in direct contact with

Defendant's organizational senior leadership," and thus Flagship must have actually received the original summons and complaint from Lando. (*See* Pl.'s Resp. at 2.) But McCall's conclusions about Lando's communications with Flagship are nothing more than his conjecture based on her title. Delehey states in her affidavit that Flagship's records do not show any "record of the Summons and Complaint or other documents related to the Lawsuit having been provided to Flagship's Registered Agent or any officer, director or member of Flagship, or to any persons authorized to accept service of process on behalf of Flagship." (Delehey Aff. ¶ 10.) Flagship asserts that it did not become aware of the lawsuit until it received a copy of McCall's Demand for Default Judgment via mail in late August—after the default was entered. (*See id.* ¶ 11.) McCall's failure to offer any evidence showing that Flagship was aware of the lawsuit before the clerk entered default, coupled with Flagship's prompt action after receiving the notice of default, suggest that Flagship was not aware of this lawsuit until it received the court's order directing the clerk to enter default. Thus, the improper service of process on Lando was not cured by timely actual notice. Therefore, that service was ineffective.

Because Flagship has not been properly served, the court does not have personal jurisdiction over it. "[A] failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998)). Without personal jurisdiction over Flagship, the court has no authority to enter default against it. *See Armco*, 733 F.2d at 1089. Accordingly, the default entered against Flagship will be set aside.

**B.**

Even if the court found that service was proper, it could nevertheless set the entry of default aside for "good cause." *See* Fed. R. Civ. P. 55(c). The Fourth Circuit has announced a "strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad. v. Hoover Universal, Inc.*, 616 F. 3d 413, 417 (4th Cir. 2010). When determining whether to set aside a default, district courts consider six factors: "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). These criteria "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments,' *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987), and '[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.' *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)." *Bank of Southside Va. v. Host & Cook, LLC*, 235 F.R.D. 441, 445 (E.D. Va. 2007).

The court "has discretion to determine whether a proffered defense . . . is meritorious." *Id.* (citing *Trueblood v. Grayson Shops of Tenn., Inc.*, 32 F.R.D. 190, 196 (E.D. Va. 1963)). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (per curiam). In evaluating the presence of a meritorious defense, "'[t]he underlying concern is . . . whether there is some

possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" *Id.* (quotation omitted).

Reasonable promptness in responding to the default is evaluated "in light of the facts and circumstances of each occasion," with wide latitude accorded to the court's discretion. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). In evaluating prejudice to the non-moving party, courts examine whether the delay affected the ability of the non-defaulting party to present their evidence, proceed with trial, or complete discovery. *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009). Courts also consider whether the delay was caused or used by the defaulting party to perpetrate a fraud. *Id.* A court should also consider the availability and effectiveness of imposing less drastic sanctions, including monetary sanctions such as attorney's fees, on the party responsible for the default. *See Lolatchy*, 816 F.2d at 953–54.

In the underlying lawsuit, McCall claims, *inter alia*, that Flagship violated the Fair Debt Collection Practices Act by demanding payment on a contract under which "there is no present verifiable lawful obligation by [McCall] to pay a debt." (Compl. at 4 ¶ 3.) Flagship argues that it has several meritorious defenses to McCall's claims. As to the claim that McCall has no contractual obligation to pay a debt, Flagship has provided a copy of a contract, purportedly signed by McCall, designating him as the "borrower" and obliging him to repay the loan. (*See* ECF No. 23-1, Ex. A.) Additionally, Flagship also contends that McCall's complaint fails to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Flagship argues that McCall's complaint does not describe the particular actions or omissions Flagship allegedly took that would constitute fraud under the statute. *See* Fed. R. Civ. P. 12(b)(6). Considering these arguments, the court is persuaded that Flagship has shown

that "there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass,* 843 F.2d at 812 (quotation omitted).

Turning to the other relevant considerations: there is no evidence that Flagship is personally responsible for the delay in being notified of this lawsuit, nor is there any indication of a history of dilatory action on Flagship's part. All available evidence shows that Flagship acted with reasonable diligence and promptness once it received the clerk's entry of default. Flagship retained counsel promptly and filed the instant motion with supporting documents. Moreover, McCall has not offered any evidence to show that vacating the default and allowing this case to proceed on the merits would prejudice him in any way, nor has he shown that he has suffered any damages during the intervening period.

Bearing in mind the Fourth Circuit's "strong preference" to resolve claims on their merits, *Colleton Preparatory Acad.*, 616 F.3d at 417, and that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default," *Tolson*, 411 F.2d at 130 (4th Cir. 1969), the court finds that, even if the service effected on Lando had been proper, Flagship has shown good cause why the default should be set aside.

## IV.

For the reasons discussed, the court will grant Flagship's motion to quash and will vacate the clerk's entry of default. Flagship must notify the court within 14 days whether it will waive further service of process. If it does so, its responsive pleading is due within 14 days from the date of that notice. If it does not, the U.S. Marshals will be directed to serve Flagship via its registered agent.

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 1st day of February, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE