CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
APR 07 2022
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| SHANI ADIA MCCALL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:21-cv-00014 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| FLAGSHIP CREDIT ACCEPTANCE, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Shani Adia McCall ("Plaintiff" or "McCall") filed suit under the Consumer Credit Protection ("CCP") and Fair Debt Collection Practices Acts ("FCDPA"), 28 U.S.C. §§ 1331, 1441(b), against Defendant Flagship Credit Acceptance ("Defendant" or "Flagship"), alleging Flagship was committing fraud by attempting to collect a debt that McCall did not owe. (*See generally* Compl. [ECF No. 3].) This matter is before the court on Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 33), a motion to which Plaintiff did not respond. After reviewing the record, the court concludes that Plaintiff has failed to prosecute his complaint and failed to comply with this court's order to respond to the instant motion within 21 days of notice. (ECF No. 35.) Accordingly, the court will grant Defendant's motion to dismiss.

**I.**

This suit arose as a result of Flagship's attempt to collect on an automobile loan in McCall's name. McCall contends in his Complaint that he is not a debtor on that contract, but rather the "depositor" and "creditor"; that Flagship did not loan him any money; and that he is under no obligation to pay Flagship anything. (*See generally* Compl. Pg. 4 ¶¶ 1–4 [ECF No.

3].) McCall asserts that Flagship's attempts to collect payment from him amount to commercial fraud in violation of the CCP and FDCPA, because Flagship is demanding payment that it is not rightfully owed. (*Id.*)

McCall originally filed this action on February 11, 2021.[1] Flagship filed the instant motion to dismiss March 1, 2022, accompanied by a memorandum in support and a copy of the underlying contract. (ECF No. 34.) On the same day—in accordance with *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir. 1975)—this court mailed Plaintiff a notice, warning him that if he did not file some response within 21 days, the court might dismiss the case for failure to prosecute.[2] (ECF No. 35.) Plaintiff did not respond to Defendant's motion.

## II.

This court has the inherent authority to sanction a party with dismissal of an action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962); *Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013). Federal Rule of Civil Procedure 41(b) authorizes dismissal for failure to prosecute or to follow a court order. Fed. R. Civ. P. 41(b). Dismissal is a harsh sanction, and the need to prevent delays must be weighed against the "'sound public policy of deciding cases on the merits.'" *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir. 1978) (quoting *Riezakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

When determining whether dismissal is proper under Rule 41(b), this court is guided by four factors: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a 'drawn out history of deliberately

---

[1] The case was originally filed in the Northern District of Texas and subsequently transferred to this court.

[2] The court's scheduling order also warned all parties that, if they failed to respond to a motion in the time allotted, the court would deem the motion unopposed. (Order ¶ 10, Mar. 3, 2022 [ECF No. 37].)

proceeding in a dilatory fashion,' and (4) the existence of sanctions less drastic than dismissal." *Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (quoting *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)). These factors do not comprise a rigid four-pronged test; "[r]ather, the propriety of a dismissal . . . depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "When appropriate, a plaintiff should be 'warned of the consequences' of failing to prosecute and be 'given the opportunity to respond.'" *Luna v. Guilford Cnty., N.C.*, 326 F.R.D. 103, 105 (M.D.N.C. 2018) (quoting *United States ex rel. Curnin v. Bald Head Island Ltd.*, 381 F. App'x 286, 288 n.* (4th Cir. 2010) (per curiam)). But dismissal for failure to comply with a court's order may still be proper despite explicit warning. *See Ballard*, 882 F.2d at 95–96.

Here, the relevant factors weigh in favor of dismissal. Defendant filed the instant motion on March 1, 2022. The same day, this court explicitly gave Plaintiff notice that if he failed to file some response, the court would "assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s)." (ECF No. 35.) The court further warned Plaintiff that if he failed to respond within the 21-day period, "the Court may dismiss the case for failure to prosecute." (*Id.*) And a few days after that, the court informed McCall (in its scheduling order) that failure to file a brief in opposition to any pending motion would lead the court to conclude that the motion was unopposed. (Order ¶ 10, Mar. 3, 2022 [ECF No. 37].)

As a *pro se* plaintiff, Plaintiff bears personal responsibility for his noncompliance with this court's order to respond to Defendant's motion within 21 days. Defendant has been prejudiced by Plaintiff's failure to prosecute, as it has incurred costs and fees in filing a motion

which Plaintiff has failed to contest. A less drastic sanction would be ineffective in this case, where Plaintiff is a *pro se* litigant (meaning there is no counsel upon whom to levy sanctions) who has been explicitly warned by the court that failure to respond to the instant motion could result in the dismissal of his action, and who has shown no desire to prosecute. And although Plaintiff does not have a history of dilatory actions, this factor does not alter the court's conclusion. Plaintiff has failed to prosecute this claim, and dismissal is appropriate.[3] *See Jones v. Applebee's of Va., Inc.*, 2011 WL 3438402, at *1–2 (W.D. Va. Aug. 5, 2011) (dismissing *pro se* plaintiff's case for failure to participate in discovery).

Defendant moves for dismissal with prejudice. (*See* ECF No. 34 Pg. 7.) An involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits," thus, dismissal with prejudice is appropriate in this instance. Fed. R. Civ. P. 41(b); *see* Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2373 (3d ed. 2018) (stating that "because an involuntary dismissal is an adjudication on the merits, it is, in the phrase commonly used by the federal courts, 'with prejudice.'"); *Luna*, 326 F.R.D. at 105 (granting motion to dismiss with prejudice pursuant to Rule 41(b)). The court will dismiss Plaintiff's complaint with prejudice.

---

[3] The court also notes that, were it to reach the merits of Defendant's motion to dismiss, the motion would be granted for the reasons set forth in Defendant's brief (ECF No. 34).

## III.

For the reasons discussed, the court will dismiss this case with prejudice for failure to prosecute under Rule 41(b).

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 7th day of April, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE